UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GBF ENGINEERING INC.,

    Plaintiff,

vs.

JOSEPH and CHILLY JOHN,

    Defendants.
_____/

Civil Action No.
09-CV-11367

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER REGARDING CHOICE OF LAW ISSUE

This is a state law breach of contract case. The two contracts at issue, a sublease agreement and a guaranty, contain no of choice of law provision. In its Motion for Summary Judgment, Plaintiff GBF Engineering, Inc. ("GBF") cites and applies Michigan law with no mention of choice of law concerns.

In their response brief, Defendants Joseph and Chilly John (collectively, "Defendants") state that there is an issue as to whether Michigan law or Florida law applies in this case. Instead of analyzing the issue, Defendants cite both Michigan and Florida law in their response brief, and "reserve[] the right to request additional briefing on choice of law . . . should this Court conclude that such is necessary to the resolution of this matter." Resp. at 6 n.5.

In its reply brief, GBF argues that it is entitled to summary judgment under both Michigan law and Florida law. GBF, like Defendants, does not analyze the choice of law issue.

By July 14, 2010, the parties shall either (1) agree on which state's law shall apply in this case or (2) if the parties cannot reach an agreement, submit supplemental briefs, not to exceed three

1

pages in length, analyzing the choice of law question. Should the second option become necessary, the Court notes that it must apply the choice of law rules of the state in which it sits, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941), and Michigan courts follow the approach articulated in the Second Restatement of Conflict of Laws § 188 (1971). *See Chrysler Corp. v. Skyline Indus. Services, Inc.*, 448 Mich. 113, 126 (1995). Section 188 requires the Court to consider the following factors:

> (a) the place of contracting,
>
> (b) the place of negotiation of the contract,
>
> (c) the place of performance,
>
> (d) the location of the subject matter of the contract, and
>
> (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 9, 2010.

S/Denise Goodine
Case Manager